# Exhibit A

IN THE SUPERIOR COURT OF WASHINGTON
IN AND FOR KING COUNTY

| | |
|---|---|
| RICHARD and LORIANN WILLIAMS, husband and wife and the marital community composed thereof, <br><br> Plaintiffs, <br><br> vs. <br><br> STARRAG GROUP HOLDING AG, a foreign corporation; STARRAG AG, a foreign corporation; STARRAG-HECKERT, INC., a foreign corporation; STARRAG USA, INC., a foreign corporation; and JOHN DOES 1-5, residents of the State of Washington; and JOHN DOES 6-10, residents of the State of Washington, <br><br> Defendants. | NO. <br><br> **SUMMONS** <br> (20/60 Day) |

TO THE DEFENDANTS:

A lawsuit has been started against you in the above-entitled court by Richard and Loriann Williams, plaintiffs. Plaintiffs' claims are stated in the written complaint, a copy of which is served upon you with this summons.

In order to defend against this lawsuit, you must respond to the complaint by stating your defense in writing, and by serving a copy upon the person signing this summons within 20

SUMMONS - 1

Law Offices of Eugene N. Bolin, Jr., P.S.
144 Railroad Avenue, Suite 308
Edmonds, WA 98020
Phone: 425-582-8165
Toll Free / Fax: 888-527-2710

days after the service of this summons, excluding the day of service, if served within the State of Washington (or within 60 days after service of this Summons, if served outside the State of Washington) or a default judgment may be entered against you without notice. A default judgment is one where plaintiffs are entitled to what they ask for because you have not responded. If you serve a notice of appearance on the undersigned person, you are entitled to notice before a default judgment may be entered.

You may demand that the Plaintiffs' file this lawsuit with the Court. If you do so, the demand must be in writing and must be served upon the person signing this summons. Within 14 days after you serve the demand, the Plaintiffs must file this lawsuit with the Court, or the service on you of this summons and complaint will be void.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

This summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State of Washington.

DATED this 31st day of March, 2014.

LAW OFFICES OF EUGENE N. BOLIN, JR., P.S.

_____
Eugene N. Bolin, Jr., WSBA #11450
Attorney for Plaintiffs

SUMMONS - 2

Law Offices of Eugene N. Bolin, Jr., P.S.
144 Railroad Avenue, Suite 308
Edmonds, WA 98020
Phone: 425-582-8165
Toll Free / Fax: 888-527-2710

IN THE SUPERIOR COURT OF WASHINGTON
IN AND FOR KING COUNTY

| | |
|---|---|
| RICHARD and LORIANN WILLIAMS, husband and wife and the marital community composed thereof,<br><br>Plaintiffs,<br><br>vs.<br><br>STARRAG GROUP HOLDING AG, a foreign corporation; STARRAG AG, a foreign corporation; STARRAG-HECKERT, INC., a foreign corporation; STARRAG USA, INC., a foreign corporation; and JOHN DOES 1-5, residents of the State of Washington; and JOHN DOES 6-10, residents of the State of Washington,<br><br>Defendants. | NO.<br><br>**COMPLAINT FOR DAMAGES UNDER THE WASHINGTON'S PRODUCT LIABILITY ACT** |

COME NOW THE PLAINTIFFS, Richard and Loriann Williams, by and through their attorney of record, and hereby allege as follows:

### 1. PARTIES, JURISDICTION AND VENUE

1.1   The plaintiffs Richard and Lorie Williams are husband and wife and residents of King County, Washington. At all times relevant hereto, Richard was an employee of the Boeing Company.

COMPLAINT FOR DAMAGES
UNDER WASHINGTON'S PRODUCT
LIABILITY ACT - 1

Law Offices of Eugene N. Bolin, Jr., P.S.
144 Railroad Avenue, Suite 308
Edmonds, WA 98020
Phone: 425-582-8165
Toll Free / Fax: 888-527-2710

1.2     The Starrag Group Holding AG (Aktiengesellschaft) is an international company headquartered in Rorschacherberg, Switzerland, which designs, manufactures and sells different brands of high-tech machining products under at least nine different brand names.

1.3     Starrag AG (Aktiengesellschaft) may be the same company as the Starrag Group Holding AG, or a name under which the Starrag Group Holding AG does business. It is also located at in Rorschacherberg, Switzerland.

1.4     Starrag-Heckert, Inc., is or was a foreign corporation. In January 2011, Starrag-Heckert took over the machine tool manufacturer DS technology, consisting of Dorries, Scharmann, Droop + Rein, Ecospeed and Berthiez. This company was renamed the Starrag Group in 2012 and presumably became the successor of all interests and liabilities of these companies.

1.5     Starrag USA, Inc. is believed to be the sales agent for Starrag in the United States. Starrag USA maintains offices at 2379 Progress Drive, Hebron, Kentucky, 41048. There is no registered agent for Starrag USA in Washington.

1.6     John Does 1-5 are believed to be Washington residents who may or may not be employed by Starrag, but represent Starrag interests in Washington and act as a local liaison with Boeing representatives.

1.7     John Does 6-10 are believed to be Washington residents who may or may not be employed by Starrag, and who delivered, installed and initially operated the machinery which is the subject of this action.

COMPLAINT FOR DAMAGES
UNDER WASHINGTON'S PRODUCT
LIABILITY ACT - 2

Law Offices of Eugene N. Bolin, Jr., P.S.
144 Railroad Avenue, Suite 308
Edmonds, WA 98020
Phone: 425-582-8165
Toll Free / Fax: 888-527-2710

1.8     All of the foregoing defendants are referred to herein as the Starrag defendants. It is important to note that the various business and manufacturing operations of the Starrag defendants are organized in a way to make it difficult to determine which Starrag unit designs, fabricates, manufactures, sells or distributes its products. The plaintiffs therefore reserve the right to amend their complaint should it become known that incorrect Starrag business units have been named as defendants herein.

## 2.     FACTS SUPPORTING CAUSES OF ACTION

2.1     Sometime during or before 2007, the Boeing Company ordered several large milling machines from the Starrag defendants for use at its plant in Auburn, Washington.

2.2     The milling machines are large, computer-operated pieces of equipment that mill airplane and other metal parts with a high degree of precision. Each machine includes a box the size of small room, which is accessed by a door. Boeing employees are required to regularly enter the room and inspect various parts of the machine or pieces that are being milled. While inside the small room, employees stand on metal decking or walkways, which are installed several feet above a concrete floor.

2.3     In 2011, the plaintiff was a 49 year old married father employed by Boeing as a Grade 9 General Machinist. His job required that he regularly enter the small room in the Starrag milling machines to inspect parts and check the cutter.

2.4     On or about April 2, 2011, the plaintiff entered one of the milling machines to inspect a cutter that was milling an airplane part. As he stepped into the machine, the

COMPLAINT FOR DAMAGES
UNDER WASHINGTON'S PRODUCT
LIABILITY ACT - 3

Law Offices of Eugene N. Bolin, Jr., P.S.
144 Railroad Avenue, Suite 308
Edmonds, WA  98020
Phone: 425-582-8165
Toll Free / Fax: 888-527-2710

plaintiff stepped onto the middle of three metal walkways. He then stepped up to the highest level to get to the part of the machine he needed to inspect.

2.5   After his inspection, he turned to step back down to the mid-level metal walkway. As he did so, the mid-level walkway gave way and Richard fell. As a result of the fall, Richard lacerated an ear, chipped a tooth, injured his back, and suffered other injuries. Over the following days, weeks and months, Richard's pelvis and hip became painfully symptomatic, which eventually required a full hip-replacement on May 7, 2012.

2.6   At the same time that the plaintiff was injured, approximately four representatives of Starrag were at the Boeing Plaint coincidentally performing warranty work on another milling machine which had failed. The four representatives inspected the milling machine where the plaintiff fell and took several pictures.

2.7   At or about the same time, Boeing employees confirmed that one or more welds on the metal walkway of the Starrag milling machine had failed.  Boeing also apparently determined that it would repair the machine itself.  Boeing attached a repair tag to the deck of the machine which identified the defective part as #W484865. The defective part of the metal walkway was repaired the following day, on April 3, 2011.

2.8   Boeing repaired the milling machine by welding additional supports to the underside of the Starrag milling machine.

2.9   The large milling machine with the defective weld on the walkway had a label attached to it which included the following information:

COMPLAINT FOR DAMAGES
UNDER WASHINGTON'S PRODUCT
LIABILITY ACT - 4

Law Offices of Eugene N. Bolin, Jr., P.S.
144 Railroad Avenue, Suite 308
Edmonds, WA 98020
Phone: 425-582-8165
Toll Free / Fax: 888-527-2710

>DS-Technologie
>Dorries, Droop+Rein,
>Scharmann, Berthiez
>Machine Type - Alpha 1000 msk
>Machine# H800231
>Year of construction 2007

2.10    Boeing identifies this machine as "#11 – 027678 milling machine 5 axis DST 1000", shop ID# 442. The Starrag defendants provided a five-year warranty against defects for each of the milling machines which was still in effect on the date of the plaintiff's injury.

## 3.    THE PLAINTIFF'S INJURIES

3.1    The milling machine which is the subject of this action was defectively designed or manufactured, or it was unreasonably dangerous, or both.

3.2    The defect and/or unreasonably dangerous condition of the milling machine, and particularly the failed weld which caused the plaintiff to fall, proximately caused all of the plaintiff's injuries for which he was treated under a Labor and Industries claim.

3.3    The plaintiff's injuries include to date a total hip replacement and other substantial injuries.

## 4.    CAUSES OF ACTION

4.1    The label attached to the milling machine with the failed metal weld was attached by the manufacturer. A seller that labels a product with its own name, trade name or trademark, or by advertising itself as the maker of a product, will be held to be a manufacturer.

COMPLAINT FOR DAMAGES
UNDER WASHINGTON'S PRODUCT
LIABILITY ACT - 5

Law Offices of Eugene N. Bolin, Jr., P.S.
144 Railroad Avenue, Suite 308
Edmonds, WA 98020
Phone: 425-582-8165
Toll Free / Fax: 888-527-2710

4.2   The Starrag defendants designed, manufactured, and sold the milling machine described above, to the Boeing Company for use at its plant in Auburn, Washington. In all, the Starrag defendants sold approximately five different milling machines to Boeing, all of which were substantially similar in design, manufacture and specifications.

4.3   The Washington Product Liability Act applies a strict liability standard to all designers and manufacturers of defective products, or products which are unreasonably dangerous.

4.4   The plaintiff asserts that all Starrag defendants are liable to the plaintiff under the strict liability standard, because the milling machine which they sold to Boeing was defective and/or unreasonably dangerous.

4.5   The Washington Product Liability Act applies a negligence standard to all sellers of products which are defective and/or unreasonably dangerous, where the seller was not involved in the design or manufacture.

4.6   To the extent that any or all of the Starrag defendants were neither involved in the design or manufacture of the defective and/or unreasonably dangerous milling machine, but were involved in the sale of the machine, then the plaintiff asserts that such Starrag defendants were negligent.

4.7   John Does 1-5 were involved in the sale of the defective and/or dangerous milling machine which injured the plaintiff. Whether John Does 1-5 were agents, representatives, or employees of the Starrag defendants, they created liability in the Starrag defendants.

COMPLAINT FOR DAMAGES
UNDER WASHINGTON'S PRODUCT
LIABILITY ACT - 6

Law Offices of Eugene N. Bolin, Jr., P.S.
144 Railroad Avenue, Suite 308
Edmonds, WA 98020
Phone: 425-582-8165
Toll Free / Fax: 888-527-2710

4.8   John Does 6 – 10, the local installers who delivered, assembled, installed, or initially operated the milling machine at Boeing, were negligent in their failure to reasonably take notice of the defective weld(s), or other defect(s), or the unreasonably dangerous condition of the machine.  Whether John Does 6-10 were agents, representatives or employees of the Starrag defendants, they created liability in the Starrag defendants.

4.9   By virtue of all of the foregoing, the defendants proximately caused the damages sustained by the plaintiffs.

4.10   By virtue of all of the foregoing, all of the defendants are jointly and severally liable to the plaintiff.

## 5.   PRAYER FOR DAMAGES

WHEREFORE, the plaintiffs Richard and Loriann Williams pray for judgment against the defendants in an amount that will compensate plaintiffs for all damages sustained, including:

a.   Past and future special damages, including medical bills and wage loss.

b.   Past and future general damages, including pain and suffering.

c.   Interest calculated at the maximum amount allowable by law, including prejudgment interest.

d.   Attorney's fees and costs.

e.   Loss of consortium.

f.   Any and all other relief which the court deems just and equitable at the time of trial.

COMPLAINT FOR DAMAGES
UNDER WASHINGTON'S PRODUCT
LIABILITY ACT - 7

Law Offices of Eugene N. Bolin, Jr., P.S.
144 Railroad Avenue, Suite 308
Edmonds, WA 98020
Phone: 425-582-8165
Toll Free / Fax: 888-527-2710

DATED at Edmonds, Washington, this 31st day of March, 2014.

LAW OFFICES OF EUGENE N. BOLIN, JR., P.S.

_____
Eugene N. Bolin, Jr., WSBA #11450
Attorney for Plaintiffs

COMPLAINT FOR DAMAGES
UNDER WASHINGTON'S PRODUCT
LIABILITY ACT - 8

Law Offices of Eugene N. Bolin, Jr., P.S.
144 Railroad Avenue, Suite 308
Edmonds, WA 98020
Phone: 425-582-8165
Toll Free / Fax: 888-527-2710

FILED

14 MAR 31 PM 4:20

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 14-2-09312-8 SEA

SUPERIOR COURT OF WASHINGTON
COUNTY OF KING

| | |
|---|---|
| RICHARD AND LORIANN WILLIAMS<br><br>VS<br><br>STARRAG GROUP HOLDING AG, ET / | NO. 14-2-09312-8 SEA<br><br>CASE INFORMATION COVER SHEET<br>AND AREA DESIGNATION |

## CAUSE OF ACTION

**(TTO) -**   PRODUCTS LIABILITY (TTO 2)

## AREA DESIGNATION

**SEATTLE -**   Defined as all King County north of Interstate 90 and including all of Interstate 90 right of way, all of the cities of Seattle, Mercer Island, Issaquah, and North Bend, and all of Vashon and Maury Islands.

**FILED**

14 MAR 31 PM 4:20

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 14-2-09312-8 SEA

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

| | |
|---|---|
| RICHARD AND LORIANN WILLIAMS<br>Plaintiff(s),<br>vs.<br>STARRAG GROUP HOLDING AG, ET AL.<br>Respondent(s) | NO. 14-2-09312-8 SEA<br>ORDER SETTING CIVIL CASE SCHEDULE<br>ASSIGNED JUDGE: Cahan, Regina, Dept. 10<br>FILED DATE: 3/31/2014<br>TRIAL DATE: 5/26/2015<br>SCOMIS CODE: *ORSCS |

A civil case has been filed in the King County Superior Court and will be managed by the Case Schedule on Page 3 as ordered by the King County Superior Court Presiding Judge.

## I. NOTICES

**NOTICE TO PLAINTIFF:** The Plaintiff may serve a copy of this **Order Setting Case Schedule** (*Schedule*) on the Defendant(s) along with the *Summons and Complaint/Petition*. Otherwise, the Plaintiff shall serve the *Schedule* on the Defendant(s) within 10 days after the later of: (1) the filing of the *Summons and Complaint/Petition* or (2) service of the Defendant's first response to the *Complaint/Petition*, whether that response is a *Notice of Appearance*, a response, or a Civil Rule 12 (CR 12) motion. The *Schedule* may be served by regular mail, with proof of mailing to be filed promptly in the form required by Civil Rule 5 (CR 5).

"I understand that I am required to give a copy of these documents to all parties in this case."

_____ | _____
PRINT NAME                          SIGN NAME

## I. NOTICES  (continued)

**NOTICE TO ALL PARTIES:**
All attorneys and parties should make themselves familiar with the King County Local Rules [*KCLCR*] -- especially those referred to in this *Schedule*. In order to comply with the *Schedule*, it will be necessary for attorneys and parties to pursue their cases vigorously from the day the case is filed. For example, discovery must be undertaken promptly in order to comply with the deadlines for joining additional parties, claims, and defenses, for disclosing possible witnesses [*See KCLCR 26*], and for meeting the discovery cutoff date [*See KCLCR 37(g)*].

**CROSSCLAIMS, COUNTERCLAIMS AND THIRD PARTY COMPLAINTS:**
A filing fee of **$240** must be paid when any answer that includes additional claims is filed in an existing case.

**KCLCR 4.2(a)(2)**
A Confirmation of Joinder, Claims and Defenses or a Statement of Arbitrability must be filed by the deadline in the schedule. The court will review the confirmation of joinder document to determine if a hearing is required. If a Show Cause order is issued, all parties cited in the order must appear before their Chief Civil Judge.

**PENDING DUE DATES CANCELED BY FILING PAPERS THAT RESOLVE THE CASE:**
When a final decree, judgment, or order of dismissal of all parties and claims is filed with the Superior Court Clerk's Office, and a courtesy copy delivered to the assigned judge, all pending due dates in this *Schedule* are automatically canceled, including the scheduled Trial Date. It is the responsibility of the parties to 1) file such dispositive documents within 45 days of the resolution of the case, and 2) strike any pending motions by notifying the bailiff to the assigned judge.

Parties may also authorize the Superior Court to strike all pending due dates and the Trial Date by filing a *Notice of Settlement* pursuant to KCLCR 41, and forwarding a courtesy copy to the assigned judge. If a final decree, judgment or order of dismissal of all parties and claims is not filed by 45 days after a *Notice of Settlement*, the case may be dismissed with notice.

**If you miss your scheduled Trial Date**, the Superior Court Clerk is authorized by KCLCR 41(b)(2)(A) to present an *Order of Dismissal*, without notice, for failure to appear at the scheduled Trial Date.

**NOTICES OF APPEARANCE OR WITHDRAWAL AND ADDRESS CHANGES:**
*All parties to this action must keep the court informed of their addresses.* When a Notice of Appearance/Withdrawal or Notice of Change of Address is filed with the Superior Court Clerk's Office, parties must provide the assigned judge with a courtesy copy.

**ARBITRATION FILING AND TRIAL DE NOVO POST ARBITRATION FEE:**
A Statement of Arbitrability must be filed by the deadline on the schedule **if the case is subject to mandatory arbitration** and service of the original complaint and all answers to claims, counterclaims and cross-claims have been filed. If mandatory arbitration is required after the deadline, parties must obtain an order from the assigned judge transferring the case to arbitration. **Any party filing a Statement must pay a $220 arbitration fee.** If a party seeks a trial de novo when an arbitration award is appealed, a fee of $250 and the request for trial de novo must be filed with the Clerk's Office Cashiers.

**NOTICE OF NON-COMPLIANCE FEES:**
All parties will be assessed a fee authorized by King County Code 4A.630.020 whenever the Superior Court Clerk must send notice of non-compliance of schedule requirements and/or Local Civil Rule 41.

**King County Local Rules are available for viewing at www.kingcounty.gov/courts/clerk.**

## II. CASE SCHEDULE

| √ | CASE EVENTS | DATE |
|---|---|---|
|  | Case Filed and Schedule Issued. | 3/31/2014 |
| √ | Last Day for Filing Statement of Arbitrability without a Showing of Good Cause for Late Filing [*See KCLMAR 2.1(a) and Notices on Page 2*]. **$220 arbitration fee must be paid** | 9/8/2014 |
| √ | **DEADLINE** to file Confirmation of Joinder if not subject to Arbitration. *[See KCLCR 4.2(a) and Notices on Page 2]*. | 9/8/2014 |
|  | **DEADLINE** for Hearing Motions to Change Case Assignment Area. [See *KCLCR 82(e)*] | 9/22/2014 |
|  | **DEADLINE** for Disclosure of Possible Primary Witnesses [*See KCLCR 26(b)*]. | 12/23/2014 |
|  | **DEADLINE** for Disclosure of Possible Additional Witnesses [*See KCLCR 26(b)*]. | 2/3/2015 |
|  | **DEADLINE** for Jury Demand [*See KCLCR 38(b)(2)*]. | 2/17/2015 |
|  | **DEADLINE** for Setting Motion for a Change in Trial Date [See KCLCR 40(e)(2)]. | 2/17/2015 |
|  | **DEADLINE** for Discovery Cutoff [*See KCLCR 37(g)*]. | 4/7/2015 |
|  | **DEADLINE** for Engaging in Alternative Dispute Resolution [*See KCLCR 16(b)*]. | 4/28/2015 |
|  | **DEADLINE** for Exchange Witness & Exhibit Lists & Documentary Exhibits [*See KCLCR 4(j)*]. | 5/5/2015 |
| √ | **DEADLINE** to file Joint Confirmation of Trial Readiness [See KCLCR 16(a)(2)]. | 5/5/2015 |
|  | **DEADLINE** for Hearing Dispositive Pretrial Motions [*See KCLCR 56; CR 56*]. | 5/12/2015 |
| √ | Joint Statement of Evidence [KCLCR 4(K)] | 5/19/2015 |
|  | **DEADLINE** for filing Trial Briefs, Proposed Findings of Fact and Conclusions of Law and Jury Instructions (Do not file Proposed Findings of Fact and Conclusions of Law with the Clerk). | 5/19/2015 |
|  | Trial Date [*See KCLCR 40*]. | 5/26/2015 |

The √ indicates a document that must be filed with the Superior Court Clerk's Office by the date shown.

## III. ORDER

Pursuant to King County Local Rule 4 [*KCLCR 4*], IT IS ORDERED that the parties shall comply with the schedule listed above. Penalties, including but not limited to sanctions set forth in Local Rule 4(g) and Rule 37 of the Superior Court Civil Rules, may be imposed for non-compliance. It is FURTHER ORDERED that the party filing this action **must** serve this *Order Setting Civil Case Schedule* and attachment on all other parties.

DATED: 3/31/2014

_____
PRESIDING JUDGE

### IV. ORDER ON CIVIL PROCEEDINGS FOR ASSIGNMENT TO JUDGE

**READ THIS ORDER BEFORE CONTACTING YOUR ASSIGNED JUDGE.**
This case is assigned to the Superior Court Judge whose name appears in the caption of this case schedule. The assigned Superior Court Judge will preside over and manage this case for all pretrial matters.

**COMPLEX LITIGATION:** If you anticipate an unusually complex or lengthy trial, please notify the assigned court as soon as possible.

**APPLICABLE RULES:** Except as specifically modified below, all the provisions of King County Local Civil Rules 4 through 26 shall apply to the processing of civil cases before Superior Court Judges. The local civil rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx .

**CASE SCHEDULE AND REQUIREMENTS:** Deadlines are set by the case schedule, issued pursuant to Local Civil Rule 4.

**THE PARTIES ARE RESPONSIBLE FOR KNOWING AND COMPLYING WITH ALL DEADLINES IMPOSED BY THE COURT'S LOCAL CIVIL RULES.**

**A. Joint Confirmation regarding Trial Readiness Report:**
No later than twenty one (21) days before the trial date, parties shall complete and file (with a copy to the assigned judge) a joint confirmation report setting forth whether a jury demand has been filed, the expected duration of the trial, whether a settlement conference has been held, and special problems and needs (e.g. interpreters, equipment, etc.).

**The form is** available at http://www.kingcounty.gov/courts/superiorcourt.aspx . If parties wish to request a CR 16 conference, they must contact the assigned court. Plaintiff's/petitioner's counsel is responsible for contacting the other parties regarding said report.

**B. Settlement/Mediation/ADR**
a. Forty five (45) days before the trial date, counsel for plaintiff/petitioner shall submit a written settlement demand. Ten (10) days after receiving plaintiff's/petitioner's written demand, counsel for defendant/respondent shall respond (with a counter offer, if appropriate).

b. Twenty eight (28) days before the trial date, a Settlement/Mediation/ADR conference shall have been held. FAILURE TO COMPLY WITH THIS SETTLEMENT CONFERENCE REQUIREMENT MAY RESULT IN SANCTIONS.

**C. Trial:** Trial is scheduled for 9:00 a.m. on the date on the case schedule or as soon thereafter as convened by the court. The Friday before trial, the parties should access the King County Superior Court website http://www.kingcounty.gov/courts/superiorcourt.aspx to confirm trial judge assignment. Information can also be obtained by calling (206) 205-5984.

**MOTIONS PROCEDURES**
**A. Noting of Motions**
**Dispositive Motions:** All summary judgment or other dispositive motions will be heard with oral argument before the assigned judge. The moving party must arrange with the hearing judge a date and time for the hearing, consistent with the court rules. Local Civil Rule 7 and Local Civil Rule 56 govern procedures for summary judgment or other motions that dispose of the case in whole or in part. The local civil rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx.

**Non-dispositive Motions:** These motions, which include discovery motions, will be ruled on by the assigned judge without oral argument, unless otherwise ordered. All such motions must be noted for a date by which the ruling is requested; this date must likewise conform to the applicable notice requirements. Rather than noting a time of day, the Note for Motion should state "Without Oral Argument." Local Civil Rule 7 governs these motions, which include discovery motions. The local civil rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx.

**Motions in Family Law Cases not involving children:** Discovery motions to compel, motions in limine, motions relating to trial dates and motions to vacate judgments/dismissals shall be brought before the assigned judge. All other motions should be noted and heard on the Family Law Motions calendar. Local Civil Rule 7 and King County Family Law Local Rules govern these procedures. The local rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx.

**Emergency Motions:** Under the court's local civil rules, emergency motions will be allowed only upon entry of an Order Shortening Time. However, emergency discovery disputes may be addressed by telephone call and without written motion, if the judge approves.

**B. Original Documents/Working Copies/ Filing of Documents: All original documents must be filed with the Clerk's Office.** Please see information on the Clerk's Office website at www.kingcounty.gov/courts/clerk regarding the new requirement outlined in LGR 30 that attorneys must e-file documents in King County Superior Court. The exceptions to the e-filing requirement are also available on the Clerk's Office website.

The working copies of all documents in support or opposition must be marked on the upper right corner of the first page with the date of consideration or hearing and the name of the assigned judge. The assigned judge's working copies must be delivered to his/her courtroom or the Judges' mailroom. Working copies of motions to be heard on the Family Law Motions Calendar should be filed with the Family Law Motions Coordinator. On June 1, 2009 you will be able to submit working copies through the Clerk's office E-Filing application at www.kingcounty.gov/courts/clerk.

**Service of documents:** E-filed documents may be electronically served on parties who opt in to E-Service within the E-Filing application. The filer must still serve any others who are entitled to service but who have not opted in. E-Service generates a record of service document that can be e-filed. Please see information on the Clerk's office website at www.kingcounty.gov/courts/clerk regarding E-Service.

**Original Proposed Order:** Each of the parties must include an original proposed order granting requested relief with the working copy materials submitted on any motion. Do not file the original of the proposed order with the Clerk of the Court. Should any party desire a copy of the order as signed and filed by the judge, a pre-addressed, stamped envelope shall accompany the proposed order.

**Presentation of Orders:** All orders, agreed or otherwise, must be presented to the assigned judge. If that judge is absent, contact the assigned court for further instructions. If another judge enters an order on the case, counsel is responsible for providing the assigned judge with a copy.

**Proposed orders finalizing settlement and/or dismissal by agreement of all parties shall be presented to the assigned judge or in the Ex Parte Department.** Formal proof in Family Law cases must be scheduled before the assigned judge by contacting the bailiff, or formal proof may be entered in the Ex Parte Department. **If final order and/or formal proof are entered in the Ex Parte Department, counsel is responsible for providing the assigned judge with a copy.**

**C. Form**
Memoranda/briefs for matters heard by the assigned judge may not exceed twenty four (24) pages for dispositive motions and twelve (12) pages for non-dispositive motions, unless the assigned judge permits over-length memoranda/briefs in advance of filing. Over-length memoranda/briefs and motions supported by such memoranda/briefs may be stricken.

*IT IS SO ORDERED. FAILURE TO COMPLY WITH THE PROVISIONS OF THIS ORDER MAY RESULT IN DISMISSAL OR OTHER SANCTIONS. PLAINTIFF/PEITITONER SHALL FORWARD A COPY OF THIS ORDER AS SOON AS PRACTICABLE TO ANY PARTY WHO HAS NOT RECEIVED THIS ORDER.*

*/s/ Susan J Craighead*
**PRESIDING JUDGE**

The Honorable Regina Cahan

SUPERIOR COURT OF WASHINGTON FOR KING COUNTY

| | |
|---|---|
| RICHARD AND LORIANN WILLIAMS,<br><br>Plaintiffs,<br><br>vs.<br><br>STARRAG GROUP HOLDING AG, et al.,<br><br>Defendants. | CASE NO. 14-2-09312-8 SEA<br><br>**NOTICE OF APPEARANCE** |

COME NOW Defendants, Starrag Group Holding AG, Starrag AG, Starrag-Heckert, Inc., and Starrag USA, Inc., and hereby enter an appearance in the above-entitled action through William J. Leedom and David M. Norman, of Bennett Bigelow & Leedom, P.S., attorneys of record, and request that all further pleadings herein, exclusive of process, be served upon said attorneys at their office address below:

> William J. Leedom
> David M. Norman
> Bennett Bigelow & Leedom, P.S.
> 601 Union Street, Suite 1500
> Seattle, WA 98101
> Phone: (206) 622-5511
> Fax: (206) 622-8986

NOTICE OF APPEARANCE - Page 1

LAW OFFICES
BENNETT BIGELOW & LEEDOM, P.S.
601 Union Street, Suite 1500
Seattle, Washington 98101-1363
T: (206) 622-5511  F: (206) 622-8986

1 | DATED this 20th day of May, 2014.

BENNETT BIGELOW & LEEDOM, P.S.

By _____
William J. Leedom, WSBA #2321
David M. Norman, WSBA #40564
Attorneys for Defendants Starrag Group
Holding AG, Starrag AG, Starrag-Heckert,
Inc., and Starrag USA, Inc.

NOTICE OF APPEARANCE - Page 2

# CERTIFICATE OF SERVICE

The undersigned hereby certifies under penalty of perjury under the laws of the State of Washington, that she is now, and at all times material hereto, a citizen of the United States, a resident of the State of Washington, over the age of 18 years, not a party to, nor interested in the above entitled action, and competent to be a witness herein.

I caused to be served this date the foregoing in the manner indicated to the parties listed below:

| Eugene N. Bolin, Jr., WSBA #11450<br>Law Offices of Eugene N. Bolin, Jr. P.S.<br>144 Railroad Avenue, Suite 308<br>Edmonds, WA 98020<br>Ph: (425) 582-8165<br><br>*Attorneys for Plaintiff* | ☐ Legal Messenger<br>☐ Facsimile<br>☐ Email<br>☒ 1st Class Mail<br>☐ Federal Express |
|---|---|

Dated in Seattle, Washington this 21th day of May, 2014.

*[signature]*
Judy Goldfarb
Legal Assistant

{2701.00008/M1026382.DOCX; 1}

NOTICE OF APPEARANCE - Page 3