1

2

3

4

5

6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7

8

9

10

11

12

RICHARD AND LORIANN
WILLIAMS,

                    Plaintiffs,

        v.

STARRAG GROUP HOLDING AG, et
al.,

                    Defendants.

C14-764 TSZ

MINUTE ORDER

13

14

15

16

17

18

19

20

21

22

23

The following Minute Order is made by direction of the Court, the Honorable
Thomas S. Zilly, United States District Judge:

        (1)     On March 15, 2017, the Court held oral argument on plaintiffs' motion for
partial summary judgment, docket no. 55, and defendants' motion for summary
judgment, docket no. 53.  At the conclusion of oral argument, the Court denied plaintiffs'
motion in its entirety and granted defendants' motion in part, taking the remainder of the
parties' arguments under advisement, *see* Minute Entry, docket no. 70.  Two issues raised
by the defendants' motion remain for the Court's determination: (i) whether defendant
Dörries Scharmann Technologie, GmbH ("DST") is a manufacturer of the relevant
product under the WPLA; and (ii) whether plaintiffs' claim for defective design should
be dismissed as a matter of law.  For the reasons set forth below, the remaining portions
of defendants' motion for summary judgment, docket no. 53, are DENIED.

                (i)     Under the Washington Product Liability Act ("WPLA"), the term
        "manufacturer" includes a product seller who designs, produces, makes,
        fabricates, constructs, or remanufactures the relevant product or component part of
        a product before its sale to a user or consumer.  RCW 7.72.010(2).  The term also
        includes a product seller or entity not otherwise a manufacturer that holds itself

MINUTE ORDER - 1

out as a manufacturer.  *Id.*  Here, DST admitted that "its design department created the specifications for the enclosure of the DST Alpha 1000 M Serial No. H-800231" at issue in this case.  Decl. of Eugene Bolin in Support of Plaintiffs' Response to Defendants' Motion for Summary Judgment, docket no. 60, Ex. 14 (Request for Admission No. 9).  The walkways Mr. Williams alleges are defective are a part of the enclosure.  Although DST's designated 30(b)(6) witness on the topic, Christian Frisch, testified that "DST gives the specification for the enclosure, not specific for the walkway," Decl. of William Leedom in Support of Defendants' Response to Plaintiffs' Motion for Partial Summary Judgment ("Leedom Decl."), docket no. 59, Ex. 5 ("Frisch Dep.") at 81:12-14, taking all inferences in favor of plaintiffs, as the non-moving party, DST's broad admission creates a genuine issue of material fact with respect to whether DST designed the walkways which are the relevant product in this case.  Moreover, issues of material fact remain concerning whether DST held itself out as a manufacturer of the relevant product under RCW 7.72.010(2).  *See Cadwell Industries, Inc. v. Chenbro America, Inc.*, 119 F. Supp. 2d 1110, 1115 (E.D. Wash. 2000) (holding that whether an entity holds itself out as a manufacturer must be determined "from the viewpoint of the purchasing public and in light of circumstances as of the time of purchase.").  Although Mr. Frisch testified that DST provided HCR's plans and drawings to its purchaser, The Boeing Company ("Boeing"), Frisch Dep. at 45:4-8, and that HCR personnel were present during installation of the DST Alpha at Boeing, Frisch Dep. at 53:8-16, the contract of sale for the DST Alpha is between Boeing and DST, and makes no mention of HCR or STACO, Leedom Decl., Ex. 1, DST offered a warranty on the entire machine, including the walkways, Frisch Dep. at 74:17-75:1, DST "branded" the DST Alpha with its brand name, Leedom Decl., Ex. 6 ("Second Frisch Dep.") at 7:24-8:2, and Boeing's designated 30(b)(6) witness on the topic, Michael Wright, testified that Boeing contacts the "DST service people" when its DST Alpha milling machines "break down" or "require servicing," Leedom Decl., Ex. 7 ("Wright Dep.") at 10:25-11:6.  Notably, Mr. Wright never mentions HCR or STACO during his deposition.  Taking all inferences in favor of plaintiffs, issues of material fact remain regarding whether DST is a product seller that holds itself out as a manufacturer of the relevant product.

(ii)     To establish a prima facie case for defective design under the WPLA, a plaintiff must prove (a) a manufacturer's product; (b) that was not reasonably safe as designed; (c) caused harm to the plaintiff.  RCW 7.72.030(1); *see also Bruns v. PACCAR, Inc.*, 77 Wn. App. 201 (1995).  A plaintiff can prove that a product was not reasonably safe as designed using either a risk-utility analysis or a consumer expectation standard.  *Pagnotta v. Beall Trailers of Oregon, Inc.*, 99 Wn. App. 28, 36 (2000) (citing *Soproni v. Polygon Apartment Partners*, 137 Wn.2d 319, 326-27 (1999)).  The risk-utility test requires a plaintiff to prove the existence of an adequate alternative design.  *Lovold v. Fitness*

*Question Inc.*, No. C11-569Z, 2012 WL 529411, at *2 (W.D. Wash. Feb. 16, 2012).  A plaintiff may "satisfy the requirement of showing an adequate alternative design by showing that other products can more safely serve the same function as the challenged product."  *Ruiz-Guzman v. Amvac Chemical Corp.*, 141 Wn.2d 493, 504-05 (2000).  Under Washington law, expert testimony is not required to make this showing.  *See Lovold*, 2012 WL 529411, at *2.  Here, the incident report prepared by Boeing indicates that the cause of Mr. Williams's fall was that the "[g]rate [b]roke."  Decl. of Eugene Bolin in Support of Plaintiffs' Motion for Summary Judgment, docket no. 55, Ex. 6 at 2.  Boeing concluded that, even after the walkway was repaired, certain "Actions to Mitigate Recurrence" were necessary, in all of the five DST Alpha machines in Boeing's possession, to remedy a "serious condition" in that the "grate has a 56 inch span with no support in the middle."  *Id.*  After its investigation, Boeing added center bracing to the walkways in all five DST Alpha machines.  Taking all inferences in favor of plaintiffs, Boeing's incident report, considered together with the remedial measures undertaken by Boeing to mitigate recurrence of Mr. Williams's fall, create issues of material fact regarding whether the DST Alpha was reasonably safe as designed and whether the allegedly defective design was the proximate cause of Mr. Williams's injuries.

(2)     The only claim remaining for trial is plaintiffs' claim for defective design.  In their respective trial briefs, the parties are DIRECTED to address whether DST is a product seller with the liability of a manufacturer under RCW 7.72.040(2)(e).

(3)     The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 17th day of March, 2017.

William M. McCool<br>
Clerk

s/Karen Dews<br>
Deputy Clerk
