UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RICHARD AND LORIANN WILLIAMS,

        Plaintiffs,

  v.

STARRAG GROUP HOLDING AG, et al.,

        Defendants.

C14-764 TSZ

MINUTE ORDER

    The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

    Plaintiffs' motions in limine, docket no. 71, are GRANTED in part, DENIED in part, and DEFERRED in part as follows:

    (1)    Plaintiffs' first motion in limine, as to "irrelevant evidence," is DENIED. Because plaintiffs did not identify specific items of evidence the Court should exclude, the Court will address relevancy objections to specific evidence, if any, at trial;

    (2)    Plaintiffs' second motion in limine, as to "Irrelevant Evidence of Richard Williams' Remote Medical History," is DENIED;

    (3)    Plaintiffs' third motion in limine, as to "Thousands of Documents Produced in Discovery Only In German," is DENIED;

    (4)    Plaintiffs' fourth motion in limine, as to unspecified "Undisclosed Documents and Information," is DEFERRED to the pretrial conference;

MINUTE ORDER - 1

(5) Plaintiffs' fifth motion in limine, as to "Evidence of Workers Compensation and Other Benefits," is DEFERRED to the pretrial conference.

(6) Plaintiffs' sixth motion in limine, as to "evidence relating to the facts that a recovery by plaintiffs would or would not be subject taxation or that his income would or would not be subject to taxation," is GRANTED;

(7) Plaintiffs' seventh motion in limine, as to "references to the failure of plaintiffs to call additional witnesses where such testimony would be cumulative," is GRANTED. Neither party shall make reference to the opposing party's failure to call additional witnesses where such testimony would be cumulative;

(8) Plaintiffs' eighth motion in limine, as to "witnesses, movies, photographs, or other evidence relating to the case previously requested but not disclosed during discovery," is DEFERRED to the pretrial conference;

(9) Plaintiffs' ninth motion in limine, as to the exclusion of non-party witnesses from the courtroom during the course of trial, is GRANTED except for a designated corporate representative of defendant Dörries Scharmann Technologie, GmbH ("DST");

(10) Plaintiffs' tenth motion in limine, as to evidence or argument concerning the fact that motions were filed, the content thereof, or any ruling made by the court regarding those motions, is GRANTED. Neither party shall make reference to the filing of motions in this case or the Court's rulings with respect to such motions;

(11) Plaintiffs' eleventh motion in limine, as to the fact that attorney's fees, costs, and treble damages may be taxed to the defendants in this action, is GRANTED as to costs and DENIED as moot as to attorney's fees and treble damages;

(12) Plaintiffs' twelfth motion in limine, as to evidence that "consumers have filed a comparatively low percentage of lawsuits and claims, when compared to the total number of the defendants' sales transactions in any given period," is GRANTED. This ruling shall not preclude defendants from offering evidence that Mr. Williams's fall is the only claim or accident reported to DST involving a DST Alpha 1000 M;

(13) Plaintiffs' thirteenth motion in limine, as to "any speculation or argument about the substance of the testimony of any witness who is absent or unavailable, or whom the plaintiffs did not call to testify," is GRANTED. Neither

MINUTE ORDER - 2

party shall offer speculation or argument about the substance of the testimony of any witness who is absent, unavailable, or was not called to testify;

(14)    Plaintiffs' fourteenth motion in limine, as to any references "to the fact that the plaintiffs failed to call any witness equally available to all parties in the case," is DEFERRED to trial;

(15)    Plaintiffs' fifteenth motion in limine, as to any references to the existence or filing of motions in limine, and any rulings thereon, is GRANTED. Neither party shall make reference to the existence or filing of motions in limine in this case, or any rulings on such motions;

(16)    Plaintiffs' sixteenth motion in limine, as to references "to the time or circumstance under which the plaintiffs' employed a lawyer, or that a motive, purpose, or result of this lawsuit is or will be to compensate the plaintiffs' lawyer, is GRANTED. Neither party shall offer evidence concerning the circumstances, timing, purpose, result, or motivation for retaining counsel;

(17)    Plaintiffs' seventeenth motion in limine, as to "argument in closing statement that 'plaintiffs have asked for a greater amount of money than they actually expect to be awarded,'" is GRANTED;

(18)    Plaintiffs' eighteenth motion in limine, as to precluding defendants from shifting blame to Boeing, is DENIED.

The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 4th day of April, 2017.

        William M. McCool  
        Clerk

        s/Karen Dews  
        Deputy Clerk