UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RICHARD AND LORIANN WILLIAMS,

        Plaintiffs,

  v.

STARRAG GROUP HOLDING AG, et al.,

        Defendants.

C14-764 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

Defendant Dörries Scharmann Technology, GmbH's ("DST") motions in limine, docket no. 72, are GRANTED in part, DENIED in part, and DEFERRED in part as follows:

    (1) Defendant DST's first motion in limine, that "Plaintiffs' trial evidence should be excluded under LCR 16 and FRCP 37," is DENIED;

    (2) Defendant DST's second motion in limine, as to "lay witness opinions on matters that require specialized knowledge" is DEFERRED to trial;

    (3) Defendant DST's third motion in limine, as to "hearsay statements from out of court declarants" is GRANTED in part and DEFERRED in part to trial. As to testimony by Mr. Williams concerning a co-worker's statements that the DST Alpha Machine was defective, defendant's motion is GRANTED. Except as granted, defendant's motion is DEFERRED to trial. The Court will address hearsay objections to specific evidence or testimony, if any, at trial;

MINUTE ORDER - 1

(4)     Defendant DST's fourth motion in limine, that "The Boeing Incident Report should be redacted," is DENIED;

(5)     Defendant DST's fifth motion in limine, that "Dr. Louis Kretschmer should be precluded from offering any testimony as an expert witness beyond the scope of conducting independent medical exams," is DEFERRED to the pretrial conference;

(6)     Defendant DST's sixth motion in limine, as to "evidence relevant only to plaintiffs' dismissed claims for manufacturing defect, failure to provide adequate warnings or instructions, negligence, or any claim against the Starrag defendants," is DEFERRED to the pretrial conference;

(7)     Defendant DST's seventh motion in limine, as to "evidence or argument that the DST Alpha 1000 M is the 'relevant product,' as opposed to the metal walkway," is GRANTED;

(8)     Defendant DST's eighth motion in limine, as to "attempts to elicit legal conclusions or legal argument from DST's lay corporate witnesses," is GRANTED;

(9)     Defendant' DST's ninth motion in limine, as to "suggestions that the jury 'send a message' or otherwise punish or deter DST," is GRANTED;

(10)    Defendant DST's tenth motion in limine, as to "statements about the costs of litigation," is GRANTED;

(11)    Defendant DST's eleventh motion in limine, as to "argument by counsel requesting the jurors to place themselves in the position of plaintiffs," is GRANTED.

The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 4th day of April, 2017.

William M. McCool
Clerk

s/Karen Dews
Deputy Clerk

MINUTE ORDER - 2