The Honorable Thomas S. Zilly
Trial Date: April 24, 2017

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RICHARD and LORIANN WILLIAMS, husband and wife and the marital community composed thereof,<br><br>                      Plaintiffs,<br><br>vs.<br><br>STARRAG GROUP HOLDING AG, a foreign corporation; STARRAG AG, a foreign corporation; STARRAG-HECKERT, INC., a foreign corporation; STARRAG USA, INC., a foreign corporation; DÖRRIES SCHARMANN TECHNOLOGIE, GmbH, a foreign corporation; and JOHN DOES 1-5, residents of the State of Washington; and JOHN DOES 6-10, residents of the State of Washington,<br><br>                      Defendants. | No. 2:14-cv-00764-TSZ<br><br>**AGREED PRETRIAL ORDER** |

## I.    JURISDICTION

Jurisdiction is vested in this Court because the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different states and countries. *See* 28 U.S.C. 1332(a).

PRETRIAL ORDER- 1
No. 2:14-cv-00764-TSZ

Law Offices of Eugene N. Bolin, Jr., P.S.
144 Railroad Avenue, Suite 308
Edmonds, WA  98020
425-582-8165 / 425-582-2621
Toll Free / Fax: 888-527-2710

## II.    CLAIMS AND DEFENSES

### A. The plaintiffs will pursue at trial the following claims:

1.    The plaintiffs allege that on April 2, 2011, the plaintiff Richard Williams was injured while properly operating a DST Alpha 1000 M, in the course and scope of his work as a Boeing employee.

2.    The plaintiff Richard Williams fell when a metal grate walkway collapsed while he was standing on the walkway, suffering various injuries.

3.    The plaintiffs allege that defendant DST designed, manufactured, marketed and sold a DST Alpha 1000 milling machine to the Boeing Company identified with serial no. H-800231 ("Alpha 1000") in approximately 2007.

4.    The plaintiffs also allege that the product was not reasonably safe as designed using either a risk-utility analysis or consumer expectation standard, under RCW 7.72.010(2).

5.    The plaintiffs also allege that an alternative design existed which would have made the product safe.

6.    The plaintiffs allege that the defendant DST is a "product seller" under RCW 7.72.010(2) of the Washington Product Liability Act, to the extent that either HCR or STACO actually designed or manufactured any relevant product related to the Alpha 1000.

7.    The plaintiffs allege that DST is a product seller which held itself it out as the manufacturer, even though DST did not itself directly manufacture the metal enclosure or the steel grate walkways.

8.    The plaintiffs allege that nowhere on the DST Alpha 1000 M machine is HCR or STACO identified as a manufacturer.

9.    The plaintiffs allege that Mr. Williams was unaware of the involvement of HCR or STACO in the design or manufacture of the DST Alpha 1000 M machine.

10.    The plaintiffs allege Boeing is faultless with respect to the injuries Mr. Williams' sustained on April 2, 2011.

PRETRIAL ORDER- 2
No. 2:14-cv-00764-TSZ

Law Offices of Eugene N. Bolin, Jr., P.S.
144 Railroad Avenue, Suite 308
Edmonds, WA  98020
425-582-8165 / 425-582-2621
Toll Free / Fax: 888-527-2710

11.  The plaintiffs allege the plaintiff Richard Williams is also faultless with respect to the injuries he sustained on April 2, 2011.

12.  The plaintiffs allege that virtually all of the medical care and treatment provided to the plaintiff since April 2, 2011, was proximately caused by the fall he suffered on that date.

**B. The defendant will pursue the following affirmative defenses and/or claims:**

1.  DST alleges it did not design or manufacture the relevant product in this action, as defined by RCW 7.72.010(3).

2.  DST alleges it did not hold itself out as the manufacturer of the relevant product, as defined by RCW 7.72.010(3).

3.  DST alleges it did not market or brand the relevant product under the DST trade name.

4.  DST alleges it is not a product seller with the liability of a manufacturer as contemplated by RCW 7.72.040(2)(e).

5.  DST alleges the DST Alpha 1000 M involved in Mr. Williams' workplace accident was not and is not defective in any manner and at any point.

6.  DST alleges the DST Alpha 1000 M involved in Mr. Williams' workplace accident was reasonably safe as manufactured and designed at the time of Mr. Williams' accident and at all points.

7.  DST alleges that Mr. Williams' April 2, 2011 workplace accident was not caused by any defective condition of the DST Alpha 1000 M machine.

8.  DST alleges that the contributory negligence of Mr. Williams caused or contributed to the April 2, 2011 workplace accident and subsequent medical treatment.

9.  DST alleges that the contributory negligence of Mr. Williams caused or contributed to the re-aggravation of his right hip injury.

10.  DST alleges that Mr. Williams' alleged injuries and damages were caused by preceding and superseding causes.

Law Offices of Eugene N. Bolin, Jr., P.S.
144 Railroad Avenue, Suite 308
Edmonds, WA  98020
425-582-8165 / 425-582-2621
Toll Free / Fax: 888-527-2710

11.    DST alleges that Mr. Williams failed to mitigate his own damages.

12.    DST alleges Mr. Williams' alleged injuries and damages were inevitable and unavoidable.

13.    DST alleges that Mr. Williams claimed medical expenses are not reasonable and do not reflect treatment attributable to the April 2, 2011 workplace accident on a more probable than not basis.

14.    DST alleges that Mr. Williams has already been compensated for any alleged lost wages and that his medical treatment has been paid for.

15.    DST alleges that fault should be apportioned against third-parties to this action to the extent they are found liable by the finder of fact.

16.    DST alleges that Mr. Williams' alleged injuries and damages, if any, were caused, in whole or in part, by parties over whom this answering defendant had no right of control or legal responsibility.

## III.    ADMITTED FACTS

The following facts are admitted by the parties:

| | AGREED FACT | OBJECTION AS TO ADMISSIBILITY |
|---|---|---|
| 1. | DST entered into a contract with The Boeing Company for the purchase of the DST Alpha 1000 M Serial No. H-800231. | N/A |
| 2. | The contract documents for the DST Alpha 1000 M Serial No. H-800231 contained a one-year warranty after the date of acceptance. | N/A |
| 3. | The Boeing Company was responsible for the implementation of and compliance with its own inspection protocol with regard to the operation and maintenance of the DST Alpha 1000 M Serial No. H-800231. | N/A |
| 4. | DST provided documents to Boeing that addressed safety measures and operating procedures for the DST Alpha 1000 M machines, including but not limited to an Operating Manual, Programming Manual, and Maintenance and Inspection Manual. | N/A |

Law Offices of Eugene N. Bolin, Jr., P.S.
144 Railroad Avenue, Suite 308
Edmonds, WA  98020
425-582-8165 / 425-582-2621
Toll Free / Fax: 888-527-2710

| | AGREED FACT | OBJECTION AS TO ADMISSIBILITY |
|---|---|---|
| 5. | The metal enclosure of the DST Alpha 1000 M Serial No. H-800231 was manufactured by Heinrich Cremer GmbH (HCR). | Plaintiff Objection: *Johnson v. REI*, 159 Wn. App. 939, 247 P.3d 18 (2011) |
| 6. | HCR was to deliver the metal enclosure according to DST specifications. | Plaintiffs' Objection: *Johnson v. REI*, 159 Wn. App. 939, 247 P.3d 18 (2011) |
| 7. | The metal walkway grate included in the metal enclosure for the DST Alpha 1000 M Serial No. H-800231 was designed and manufactured by STACO. | Plaintiffs' Objection: *Johnson v. REI*, 159 Wn. App. 939, 247 P.3d 18 (2011) |
| 8. | STACO performed the welds on the metal walkway for the DST Alpha 1000 M Serial No. H-800231. | Plaintiffs' Objection: *Johnson v. REI*, 159 Wn. App. 939, 247 P.3d 18 (2011) |
| 9. | HCR provided a Certificate of Conformity to DST regarding the design and manufacture of the metal enclosure of the DST Alpha 1000 M Serial No. H-800231. | Plaintiffs' Objection: *Johnson v. REI*, 159 Wn. App. 939, 247 P.3d 18 (2011) |
| 10. | DST paid HCR for its performance on the contract for it to design and manufacture a metal enclosure for the DST Alpha 1000 M Serial No. H-800231. | Plaintiffs' Objection: *Johnson v. REI*, 159 Wn. App. 939, 247 P.3d 18 (2011) |
| 11. | HCR is not a subsidiary of DST. | Plaintiffs' Objection: *Johnson v. REI*, 159 Wn. App. 939, 247 P.3d 18 (2011) |
| 12. | STACO is not a subsidiary of DST. | Plaintiffs' Objection: *Johnson v. REI*, 159 Wn. App. 939, 247 P.3d 18 (2011) |
| 13. | DST is not aware of whether HCR is a party to any contracts with Boeing. | Plaintiffs' Objection: *Johnson v. REI*, 159 Wn. App. 939, 247 P.3d 18 (2011) |
| 14. | DST clarified that HCR's delivered goods satisfied DST specifications. | Plaintiffs' Objection: *Johnson v. REI*, 159 Wn. App. 939, 247 P.3d 18 (2011) |
| 15. | DST's quality department reviewed the enclosure for the DST Alpha when it was delivered by HCR to ensure it complied with DST specifications. | Plaintiffs' Objection: *Johnson v. REI*, 159 Wn. App. 939, 247 P.3d 18 (2011) |

PRETRIAL ORDER- 5
No. 2:14-cv-00764-TSZ

Law Offices of Eugene N. Bolin, Jr., P.S.
144 Railroad Avenue, Suite 308
Edmonds, WA 98020
425-582-8165 / 425-582-2621
Toll Free / Fax: 888-527-2710

| | AGREED FACT | OBJECTION AS TO ADMISSIBILITY |
|---|---|---|
| 16. | DST had opportunities to inspect and test the walkways during and after the installation of the Alpha machine at Boeing. | DST Objection: FRE 401; FRE 402; FRE 403; FRE 404 |
| 17. | DST is not aware of whether HCR provided a separate warranty to Boeing. | DST Objection: FRE 401; FRE 402; FRE 403; FRE 404  Plaintiffs' Objection: *Johnson v. REI*, 159 Wn. App. 939, 247 P.3d 18 (2011) |
| 18. | DST did not require Boeing to conduct investigations of the specific welds on the steel grate walkways. | DST Objection: FRE 401; FRE 402; FRE 403; FRE 404 |
| 19. | DST did not require Boeing to conduct maintenance of the specific welds on the steel grate walkways. | DST Objection: FRE 401; FRE 402; FRE 403; FRE 404 |
| 20. | Richard Williams was standing on the metal grate walkway at the time of his accident on April 2, 2011. | N/A |
| 21. | Richard Williams did not exceed the load capacity for the walkway at the time of his fall on April 2, 2011. | DST Objection: FRE 401; FRE 402 |
| 22. | Welding repairs were made to one of the steel grates inside the DST Alpha 1000 M by Boeing after Mr. Williams fall. | DST Objection: FRE 401; FRE 402; FRE 403 |
| 23. | Boeing installed brackets under the metal walkway of the DST Alpha 1000 M after Mr. Williams fall. | DST Objection: FRE 401; FRE 402; FRE 403 |

## IV.    ISSUES OF LAW

The following are the issues of law to be determined by the court:

1. The Court will be asked to rule on the parties' motions in limine noted for consideration on March 31, 2017.

2. The Court will be asked to rule on the parties' requested jury instructions filed concurrent with this Pretrial Order.

3. The Court will be asked to decide whether DST is a "product seller" of the relevant product with the liability of a manufacturer under RCW 7.72.040(2)(e).

Law Offices of Eugene N. Bolin, Jr., P.S.
144 Railroad Avenue, Suite 308
Edmonds, WA 98020
425-582-8165 / 425-582-2621
Toll Free / Fax: 888-527-2710

4. The Court will be asked to decide whether DST assumed the liability of the manufacturer of the steel grate walkway by marketing the DST Alpha 1000 under its name?

5. The Court will be asked to decide, if DST is liable as the manufacturer pursuant to RCW 7.72.040(2)(e), may it seek to allocate fault to either HCR or STACO?

6. The Court will be asked to decide whether plaintiffs are precluded from calling any witnesses or offering any exhibits, and thus whether defendants are entitled to judgment as a matter of law, due to plaintiffs' failure to submit exhibit and witness lists as required by this Court's Scheduling Order and the Civil and Local Rules.

7. The Court will be asked whether plaintiffs are precluded from calling Dr. Louis Kretschmer at trial to offer expert opinions when plaintiffs did not timely identify Dr. Kretschmer as a trial witness; did not identify Dr. Kretschmer as an expert witness in discovery; and did not provide a written report in discovery.

8. The Court will be asked whether plaintiffs are precluded from offering the confidential Incident Report produced by the Boeing Company at trial when it was not timely identified as a trial exhibit by plaintiffs in accordance with the local and Court rules; consists of inadmissible hearsay; contains inadmissible and speculative lay opinions; and lacks foundation.

## V.    EXPERT WITNESSES

(a) Each party shall be limited to _____ expert witness(es) on the issues of _____.

(b) The names and addresses of the expert witnesses to be used by each party at the trial and the issue upon which each will testify is:

**(1) On behalf of plaintiff:**

None.

**(2) On behalf of defendant:**

Keith G. Cline, P.E.
Senior Consultant and Manager of Washington Operations
Engineering Systems, Inc.
700 South Industrial Way
Seattle, WA 98108

PRETRIAL ORDER- 7
No. 2:14-cv-00764-TSZ

Mr. Cline will testify on the issue of whether the DST Alpha M 1000 machine was and is reasonably safe as designed and manufactured. He will testify on the issue of whether the metal grate walkway had or has any manufacturing or design defects. He will testify on the issue of whether Mr. Williams claimed injuries were caused because of an alleged defect in the metal grate walkway or because any aspect of the DST Alpha 1000 machine was not reasonably safe. He will testify regarding all of plaintiffs' claims as to liability and causation. Mr. Cline reserves the right to testify to other issues to the extent the Court allows plaintiffs to present any testimonial or documentary evidence.

Todd Ulmer, M.D.
Providence Health & Services
10101 SE Main, Suite 3008
Portland, OR 97216

To the extent plaintiffs are allowed to present any evidence of injury and claimed damages, Dr. Ulmer will testify on the issue of Mr. Williams' history of chronic injuries, including chronic history of right hip pain. He will testify on the issue of whether the April 2, 2011 injury was the cause of Mr. Williams' labral tear. Dr. Ulmer will testify on the issue of whether the cartilage injury in Mr. Williams' right hip predates the work injury on April 2, 2011 and was chronic in nature. He will also testify on the issue of whether Mr. Williams' recovery from his May 2012 hip surgery was aggravated by his road trip to Montana in August 2012. He will testify on whether there are clear deficiencies evidenced in the right hip replacement arthroplasty performed on May 7, 2013. Dr. Ulmer will testify on whether Mr. Williams' status in a worker's compensation claim places him in the position of being a cohort, who generally reports worse outcomes after surgery. Dr. Ulmer reserves the right to testify to other issues to the extent the Court allows plaintiffs to present any testimonial or documentary evidence.

Eric Kinder, M.D.
Via Radiology
11011 Meridian Avenue North, Suite 101
Seattle, WA 98133

To the extent plaintiffs are allowed to present any evidence of injury and claimed damages, Dr. Kinder will testify on the issue of whether there is radiological evidence of

PRETRIAL ORDER- 8
No. 2:14-cv-00764-TSZ

an acute injury to Mr. Williams' right hip following his workplace accident on April 2, 2011. He will testify on the issue of whether the imaging shows the existence of pre-existing and chronic injury. He will testify on whether the radiological imaging shows that Mr. Williams superior labrum and articular cartilage damage was more probable than not a sequela of femoro-acetabular impingement syndrome. Dr. Kinder will testify on the issue of whether the damage from Mr. Williams' hip was from progressive degeneration rather than from some acute traumatic event. Dr. Kinder reserves the right to testify to other issues to the extent the Court allows plaintiffs to present any testimonial or documentary evidence.

> Michael Friedman, M.D.
> Cabrini Medical Tower
> 901 Boren Ave., Suite 1910
> Seattle, WA 98104

To the extent plaintiffs are allowed to present any evidence of injury and claimed damages, Dr. Friedman will testify on the issue of Mr. Williams' pre-existing physical and mental conditions. He will testify on the issue of whether Mr. Williams has a diagnosed psychiatric condition due to the April 2, 2011 workplace injury. Dr. Friedman will testify on the issue of whether Mr. Williams' workplace injury caused a worsening of Mr. Williams' pre-existing psychiatric difficulties.

**Defense expert witness(es) who may possibly testify at trial.**

> Daniel A. Brzusek, D.O., M.Sc.
> Director, Physical Medicine & Rehabilitation
> Northwest Rehabilitation Associates, Inc.
> 1600 116th Avenue NE, Ste. 202
> Bellevue, WA 98004

To the extent plaintiffs are allowed to present any evidence of injury, Dr. Brzusek will testify on the issue of Mr. Williams' pre-existing arthritis in his hip. He will testify regarding Mr. Williams' re-injury of his right hip in January 2013. He will testify regarding whether Mr. Williams' right hip problems are quiescent. Dr. Brzusek will testify on the

Law Offices of Eugene N. Bolin, Jr., P.S.
144 Railroad Avenue, Suite 308
Edmonds, WA  98020
425-582-8165 / 425-582-2621
Toll Free / Fax: 888-527-2710

issues regarding the efficacy of the course of treatment sought by Mr. Williams and received from his providers.

## VI.   OTHER WITNESSES

The names and addresses of witnesses, other than experts, to be used by each party at the time of trial and the general nature of the testimony of each are:

**(a) On behalf of plaintiff:**

1.    Richard Williams
      c/o Eugene N. Bolin, Jr.
      Law Offices of Eugene N. Bolin, Jr.
      144 Railroad Avenue, Ste. 308
      Edmonds, WA  98020

This witness is expected to provide testimony which is consistent with his deposition testimony.

2.    Loriann Williams
      c/o Eugene N. Bolin, Jr.
      Law Offices of Eugene N. Bolin, Jr.
      144 Railroad Avenue, Ste. 308
      Edmonds, WA  98020

This witness is expected to provide testimony which is consistent with her deposition testimony.

3.    Joni Swift
      c/o Ryan Archer
      The Boeing Company
      PO Box 3707
      Seattle, WA  98124-2207

This witness is expected to provide testimony which is consistent with her deposition testimony.

PRETRIAL ORDER- 10
No. 2:14-cv-00764-TSZ

Law Offices of Eugene N. Bolin, Jr., P.S.
144 Railroad Avenue, Suite 308
Edmonds, WA  98020
425-582-8165 / 425-582-2621
Toll Free / Fax: 888-527-2710

4.    James Sharpe
      c/o Ryan Archer
      The Boeing Company
      PO Box 3707
      Seattle, WA  98124-2207

      This witness is expected to provide testimony which is consistent with his deposition testimony.

5.    Michael Wright
      c/o Ryan Archer
      The Boeing Company
      PO Box 3707
      Seattle, WA  98124-2207

      This witness is expected to provide testimony which is consistent with his deposition testimony.

6.    Christian Frisch
      c/o William J. Leedom
      c/o David M. Norman
      Bennett Bigelow & Leedom, PS
      601 Union Street, Suite 1500
      Seattle, WA  98101

      This witness is expected to provide testimony which is consistent with his deposition testimony.

7.    Rainer Burkhardt
      c/o William J. Leedom
      c/o David M. Norman
      Bennett Bigelow & Leedom, PS
      601 Union Street, Suite 1500
      Seattle, WA  98101

      This witness is expected to provide testimony which is consistent with his deposition testimony.

Law Offices of Eugene N. Bolin, Jr., P.S.
144 Railroad Avenue, Suite 308
Edmonds, WA  98020
425-582-8165 / 425-582-2621
Toll Free / Fax: 888-527-2710

8.    Louis Kretschmer, MD
      1165 14th Ave.
      Fox Island, WA  98333

This witness is expected to provide testimony which is consistent with his deposition testimony.

9.    Rebecca Bolin
      c/o Eugene N. Bolin, Jr.
      Law Offices of Eugene N. Bolin, Jr.
      144 Railroad Avenue, Ste. 308
      Edmonds, WA  98020

This witness will provide testimony regarding the medical bills received and paid on behalf of Richard Williams as a result of his injury on April 2, 2011.

**Plaintiffs' Witnesses Who May Testify at Trial**

10.    Theresa McFarland, MD
       OMAC, Objective Medical Assessments
       401 Second Ave. S., Ste. 110
       Seattle, WA  98104

This witness will testify about the medical care and treatment provided to Richard Williams.

11.    Joseph Carney, MD
       Exam Works
       3005 112th Ave. NE, Ste. 200
       Bellevue, WA  98004

This witness will testify about the medical care and treatment provided to Richard Williams.

12.    James D. Bruckner, MD
       1231 116th Ave NE #750
       Bellevue, WA 98004

PRETRIAL ORDER- 12
No. 2:14-cv-00764-TSZ

Law Offices of Eugene N. Bolin, Jr., P.S.
144 Railroad Avenue, Suite 308
Edmonds, WA  98020
425-582-8165 / 425-582-2621
Toll Free / Fax: 888-527-2710

This witness will testify about the medical care and treatment provided to Richard Williams.

13.    Joshua A. Johnston, MD
11311 Bridgeport Way SW #205
Lakewood, WA 98499

This witness will testify about the medical care and treatment provided to Richard Williams.

14.    Frederic B. Joseph, MD
Via Radiology
11011 Meridian Ave. N, Ste. 101
Seattle, WA  98133

This witness will testify about the medical care and treatment provided to Richard Williams.

15.    Richard S. Tobin, MD
TRA Interventional & Neurointerventional Radiology
2202 S Cedar St #200
Tacoma, WA 98405

This witness will testify about the medical care and treatment provided to Richard Williams.

16.    Tod E. Wurst, MD
TRA Interventional & Neurointerventional Radiology
2202 S Cedar St #200
Tacoma, WA 98405

This witness will testify about the medical care and treatment provided to Richard Williams.

PRETRIAL ORDER- 13
No. 2:14-cv-00764-TSZ

17.   Mark S. Yuhasz, MD
        TRA-MINW
        PO Box 1535
        Tacoma, WA 98401

This witness will testify about the medical care and treatment provided to Richard Williams.

18.   Steven Brack, DO
        Rainier Orthopedic Institute, PLLC
        3801 5th Street SE #110
        Puyallup, WA  98374

This witness will testify about the medical care and treatment provided to Richard Williams.

19.   G. Gordon Benjamin, MD
        TRA-MINW
        PO Box 1535
        Tacoma, WA 98401

This witness will testify about the medical care and treatment provided to Richard Williams.

**(b) On behalf of defendant:**

Christian Frisch
c/o William J. Leedom
c/o David M. Norman
Bennett Bigelow & Leedom, P.S.
601 Union Street, Suite 1500
Seattle, WA 98101

Mr. Frisch is the Production Director of DST. He will testify regarding the design and production of the DST Alpha 1000 M machines, and the lack of complaints or other accidents involving the machines. He will testify regarding the specifications of the DST

PRETRIAL ORDER- 14
No. 2:14-cv-00764-TSZ

Law Offices of Eugene N. Bolin, Jr., P.S.
144 Railroad Avenue, Suite 308
Edmonds, WA  98020
425-582-8165 / 425-582-2621
Toll Free / Fax: 888-527-2710

Alpha 1000 M machine. Mr. Frisch will testify regarding the role of Heinrich Cremer GmbH (HCR) and STACO with the design and manufacture of the metal enclosure of the DST Alpha 1000 M and the metal grate walkway involved in Mr. Williams' accident. He will testify regarding HCR's representations regarding the quality of the metal enclosure and compliance with applicable machine standards. He will testify regarding STACO's production and welding of the metal grate walkway. He will testify regarding the sale of the DST Alpha 1000 to Boeing in 2006 and the terms of the purchase contract and related documentation, including warranty agreements. Mr. Frisch will testify about the documentation provided to and communications with The Boeing Company regarding the installation, operation, and maintenance of the DST Alpha 1000M. Mr. Frisch will testify regarding the corporate structure of DST and the Starrag entities, the purchase of DST by the Starrag Group in January 2011, and the corporate independence of DST from the Starrag entities.  Mr. Frisch reserves the right to offer additional testimony, including in rebuttal, with regard to any issue that arises at trial.

**Defense Witnesses Who May Testify at Trial.**



    Rainer Burkhardt
c/o William J. Leedom
c/o David M. Norman
Bennett Bigelow & Leedom, P.S.
601 Union Street, Suite 1500
Seattle, WA 98101

    Mr. Burkhardt is the Director of Finance and Accounting for defendant DST. Mr. Burkhardt will testify regarding the corporate structure of DST and the Starrag entities, the purchase of DST by the Starrag Group in January 2011, and the corporate independence of DST from the Starrag entities. He will testify regarding the nature of DST's business and company history. Mr. Burkhardt reserves the right to offer additional testimony, including in rebuttal, with regard to any issue that arises at trial.

Law Offices of Eugene N. Bolin, Jr., P.S.
144 Railroad Avenue, Suite 308
Edmonds, WA  98020
425-582-8165 / 425-582-2621
Toll Free / Fax: 888-527-2710

Heinz-Joachim Michel
c/o William J. Leedom
c/o David M. Norman
Bennett Bigelow & Leedom, P.S.
601 Union Street, Suite 1500
Seattle, WA 98101

Mr. Michel was the former manager of quality at DST at the time the DST Alpha 1000 M was designed and manufactured. Mr. Michel may testify regarding the manufacturing standards applicable to DST machines, including the DST Alpha 1000 M. He may testify regarding interactions with HCR and/or STACO, including but not limited to confirmation that any sub-supplier is satisfying a DST specification. He may testify regarding the inspections involved with the production of the DST Alpha 1000 M, and other quality control measures in place at DST. Mr. Michel may testify regarding contracts with HCR and/or STACO, and the material terms of the same.  Mr. Michel reserves the right to offer additional testimony, including in rebuttal, with regard to any issue that arises at trial.

Tammy Iles
c/o William J. Leedom
c/o David M. Norman
Bennett Bigelow & Leedom, P.S.
601 Union Street, Suite 1500
Seattle, WA 98101

Ms. Iles is the Head of Finance at Starrag USA, Inc. Ms. Iles may testify regarding the corporate structure of the Starrag entities, the purchase of DST by the Starrag Group in January 2011, and the corporate independence of DST from the Starrag entities. She may also testify regarding the nature of Starrag USA's business and company history. Ms. Iles reserves the right to offer additional testimony, including in rebuttal, with regard to any issue that arises at trial.

PRETRIAL ORDER- 16
No. 2:14-cv-00764-TSZ

Law Offices of Eugene N. Bolin, Jr., P.S.
144 Railroad Avenue, Suite 308
Edmonds, WA  98020
425-582-8165 / 425-582-2621
Toll Free / Fax: 888-527-2710

Harald Mueller
c/o William J. Leedom
c/o David M. Norman
Bennett Bigelow and Leedom
601 Union Street, Suite 1500
Seattle, WA 98101



Mr. Mueller signed the Final Acceptance Protocol for the purchase of the Alpha 1000 M milling machine at issue on September 7, 2007 on behalf of DST. He was the Application Engineer at the time. He may testify regarding the sale of the DST Alpha 1000 to Boeing in 2006 and the terms of the purchase contract and related documentation, including warranty agreements.   Mr. Mueller reserves the right to offer additional testimony, including in rebuttal, with regard to any issue that arises at trial.

Waldemar Maly
c/o William J. Leedom
c/o David M. Norman
Bennett Bigelow and Leedom
601 Union Street, Suite 1500
Seattle, WA 98101



Mr. Maly is a testing engineer employed by DST in Germany. Mr. Maly may testify regarding the manufacturing standards applicable to DST machines, including the DST Alpha 1000 M. He may testify regarding interactions with HCR and/or STACO, including but not limited to confirmation that any sub-supplier is satisfying a DST specification. He may testify regarding the inspections involved with the production of the DST Alpha 1000 M, and other quality control measures in place at DST.   Mr. Maly reserves the right to offer additional testimony, including in rebuttal, with regard to any issue that arises at trial.

Heiner Muhr
c/o William J. Leedom
c/o David M. Norman
Bennett Bigelow and Leedom
601 Union Street, Suite 1500
Seattle, WA 98101

**Law Offices of Eugene N. Bolin, Jr., P.S.**
**144 Railroad Avenue, Suite 308**
**Edmonds, WA  98020**
**425-582-8165 / 425-582-2621**
**Toll Free / Fax: 888-527-2710**

Mr. Muhr was the team leader of DS Technologie's design department. He may testify regarding the design of the DST Alpha 1000 M.  Mr. Muhr reserves the right to offer additional testimony, including in rebuttal, with regard to any issue that arises at trial.

Dr. Marcus Queins
c/o William J. Leedom
c/o David M. Norman
Bennett Bigelow and Leedom
601 Union Street, Suite 1500
Seattle, WA 98101

Dr. Queins is a Technology Director at Dörries Scharmann Technologie GmbH. He may testify regarding the design and testing of the DST Alpha 1000 M.  Mr. Queins reserves the right to offer additional testimony, including in rebuttal, with regard to any issue that arises at trial.

Stefan Nethovel
c/o William J. Leedom
c/o David M. Norman
Bennett Bigelow and Leedom
601 Union Street, Suite 1500
Seattle, WA 98101

Mr. Nethovel is the Head of Supply Chain at Dörries Scharmann Technologie GmbH. He may testify regarding the sale of the DST Alpha 1000 M. Mr. Nethovel reserves the right to offer additional testimony, including in rebuttal, with regard to any issue that arises at trial.

Dr. Reinhard Synofzik
HCR-Heinrich Cremer GmbH
Oppelner Stral3e 37
D-41199 Monchengladbach

Dr. Synofzik is a Technical Director at Heinrich Cremer GmbH. He may testify regarding the specifications, design, and manufacture of the enclosure of the DST Alpha 1000 M. He may also testify regarding communications with DST and STACO regarding

Law Offices of Eugene N. Bolin, Jr., P.S.
144 Railroad Avenue, Suite 308
Edmonds, WA  98020
425-582-8165 / 425-582-2621
Toll Free / Fax: 888-527-2710

the DST Alpha 1000 M.  DST reserves the right to call Dr. Synofzik to provide additional testimony, including in rebuttal, with regard to any issue that arises at trial.

Josef Van Mierlo
HCR-Heinrich Cremer GmbH
Oppelner Straße 37
D-41199 Monchengladbach



Mr. Van Mierlo is an assembler at Heinrich Cremer GmbH. He may testify regarding the manufacture of the enclosure of the DST Alpha 1000 M. He may also testify regarding communications with DST and STACO regarding the DST Alpha 1000 M.  DST reserves the right to call Mr. Van Mierlo to provide additional testimony, including in rebuttal, with regard to any issue that arises at trial.

Michael Wright
c/o Ryan Archer
The Boeing Company
PO Box 3707
Seattle, WA, 98124-2207

Mr. Wright is the Equipment Manager at The Boeing Company. He may testify regarding the purchase and sale of the DST Alpha 1000 M at issue, and the terms of the purchase contracts. He may testify to the purpose and use of the DST Alpha 1000 M at issue. He may testify regarding the installation of the DST Alpha 1000 M at The Boeing Company. He may testify regarding the training provided to Boeing by DST regarding the use of the DST Alpha 1000 M.  Mr. Wright may testify regarding the inspection/maintenance responsibilities regarding the DST Alpha 1000 M machine at issue.  DST reserves the right to call Mr. Wright to provide additional testimony, including in rebuttal, with regard to any issue that arises at trial.

## VII.    EXHIBITS

The parties intend on offering some exhibits to the jury in electronic format, whether substantive evidence or for illustrative purposes.

PRETRIAL ORDER- 19
No. 2:14-cv-00764-TSZ

Law Offices of Eugene N. Bolin, Jr., P.S.
144 Railroad Avenue, Suite 308
Edmonds, WA  98020
425-582-8165 / 425-582-2621
Toll Free / Fax: 888-527-2710

1    The parties reserve the right to use any of the exhibits identified by the other

2  party, either as part of their case in chief or in rebuttal.

3    The parties herein incorporate the arguments set forth in their pending Motions in

4  Limine with regard to the admissibility of any evidence discussed therein.

5    The parties identify the following exhibits for use at trial:

6

| No. | DESCRIPTION | Offering Party | Admissibility Stipulated | Authenticity Stipulated, Admissibility Disputed | Authenticity and Admissibility Disputed |
|---|---|---|---|---|---|
| 1. | Incident Reporting System Incident Query. | Plaintiffs | | | X |
| 2. | Photographs. | Plaintiffs | X | | |
| 3. | Medical Records produced at the 1/26/17 deposition of Louis Kretschmer, MD. | Plaintiffs | | X | |
| 4. | Billing Records produced at the 1/26/17 deposition of Louis Kretschmer, MD. | Plaintiffs | | | X |
| 5. | Operative Reports produced at the 1/26/17 deposition of Louis Kretschmer, MD. | Plaintiffs | | X | |
| 6. | Sedgwick Payment Logs produced at the 1/26/17 deposition of Louis Kretschmer, MD. | Plaintiffs | | | X |
| 7. | IME – Heritage Chiropractic Clinic, November 21, 2011. | Plaintiffs | | X | |
| 8. | IME – OMAC, August 31, 2012. | Plaintiffs | | X | |
| 9. | IME – Exam Works, March 15, 2013. | Plaintiffs | | X | |
| 10. | IME – MES Solutions, October 16, 2014, and December 2, 2015. | Plaintiffs | | X | |
| **DEFENSE EXHIBITS** | | | | | |
| A-1 | Boeing Electrical Addendum, Safety Environmental, dated November 30, 2009. | Defendant | | X | |

PRETRIAL ORDER- 20
No. 2:14-cv-00764-TSZ

Law Offices of Eugene N. Bolin, Jr., P.S.
144 Railroad Avenue, Suite 308
Edmonds, WA  98020
425-582-8165 / 425-582-2621
Toll Free / Fax: 888-527-2710

| No. | DESCRIPTION | Offering Party | Admissibility Stipulated | Authenticity Stipulated, Admissibility Disputed | Authenticity and Admissibility Disputed |
|---|---|---|---|---|---|
| 51 ~~A-2~~ | Boeing Mechanical Addendum, Safety Environmental. | Defendant | | X | |
| 52 ~~A-3~~ | Boeing EDAAS Specification for 5-Axis CNC Dual Pallet Machining Center. | Defendant | | X | |
| 53 ~~A-4~~ | DST Foundation and Installation Indications and Requirements for Medium and Big Size Horizontal Machining Centers and Ram Type Boring and Milling Machines. | Defendant | X | | |
| 54 ~~A-5~~ | Boeing Photographs of DST Alpha 1000 M. | Defendant | X | | |
| 55 ~~A-6~~ | Installation Procedure. | Defendant | X | | |
| 56 ~~A-7~~ | Minutes of Meeting, October 31, 2006. | Defendant | | X | |
| 57 ~~A-8~~ | Packing-/Colli-List. | Defendant | | X | |
| 58 ~~A-9~~ | Customs—Invoice. | Defendant | | X | |
| 59 ~~A-10~~ | Boeing Service Provider Manual. | Defendant | | X | |
| 60 ~~A-11~~ | Equipment List Change Request. | Defendant | | X | |
| 61 ~~A-12~~ | Down payment Invoice. | Defendant | | X | |
| 62 ~~A-13~~ | DST Machine Covering for Alpha M. | Defendant | | X | |
| 63 ~~A-14~~ | DST Spare Parts Factors—Guidelines Subcontractors. | Defendant | | X | |
| 64 ~~A-15~~ | DST Operating Instructions. | Defendant | X | | |
| 65 ~~A-16~~ | DST Priming Factory Standard. | Defendant | | X | |
| 66 ~~A-17~~ | DST Operating Instructions, Electrical Assembly. | Defendant | | X | |
| 67 ~~A-18~~ | DST Documentation to be Supplied. | Defendant | | X | |
| 68 ~~A-19~~ | HCR Invoices to DST. | Defendant | X | | |

PRETRIAL ORDER- 21
No. 2:14-cv-00764-TSZ

| No. | DESCRIPTION | Offering Party | Admissibility Stipulated | Authenticity Stipulated, Admissibility Disputed | Authenticity and Admissibility Disputed |
|---|---|---|---|---|---|
| 69 ~~A-20~~ | HCR Documentation for Machine Lining. | Defendant | X | | |
| 70 ~~A-21~~ | HCR's Declaration within the meaning of the EC Machinery Directive 98/37 / EC, Annex II B. | Defendant | | X | |
| 71 ~~A-22~~ | HCR Structure List. | Defendant | | X | |
| 72 ~~A-23~~ | HCR Design Drawings. | Defendant | | X | |
| 73 ~~A-24~~ | HCR Factory Certificate of Conformity. | Defendant | X | | |
| 74 ~~A-25~~ | DST Final Acceptance Protocol with Boeing. | Defendant | X | | |
| 75 ~~A-26~~ | DST Invoice to The Boeing Company. | Defendant | X | | |
| 76 ~~A-27~~ | Boeing SSG, Contract No. 19506. | Defendant | X | | |
| 77 ~~A-28~~ | HCR Structure List to Boeing. | Defendant | | X | |
| 78 ~~A-29~~ | STACO Specifications and Design Drawings. | Defendant | | X | |
| 79 ~~A-30~~ | Participation Structure chart for the Starrag Group. | Defendant | | | X |
| 80 ~~A-31~~ | DST Copy of Contract 18052. | Defendant | | X | |
| 81 ~~A-32~~ | DST Quote for Scharmann Machining Center Alpha 1000 M. | Defendant | | X | |
| 82 ~~A-33~~ | PR 28782A and PR 28955A DST Procurement Summary. | Defendant | | X | |
| 83 ~~A-34~~ | DST Down payment Invoice. | Defendant | | X | |
| 84 ~~A-35~~ | Alpha 5-Axis Machining of Aluminum, Titanium, Steel and Cast Iron. | Defendant | | X | |
| 85 ~~A-36~~ | DST Operating Manual, Machining Centre, Alpha 1000 M. | Defendant | X | | |
| 86 ~~A-37~~ | HCR drawings for metal grate and enclosure. | Defendant | | X | |
| 87 ~~A-38~~ | HCR Documentation for enclosure. | Defendant | | X | |

Law Offices of Eugene N. Bolin, Jr., P.S.
144 Railroad Avenue, Suite 308
Edmonds, WA  98020
425-582-8165 / 425-582-2621
Toll Free / Fax: 888-527-2710

| No. | DESCRIPTION | Offering Party | Admissibility Stipulated | Authenticity Stipulated, Admissibility Disputed | Authenticity and Admissibility Disputed |
|---|---|---|---|---|---|
| 88 A-39 | HCR Certificate of Conformity. | Defendant | X | | |
| 89 A-40 | DST Operating Manual, Machining Centre, Alpha 1000 M. | Defendant | X | | |
| 90 A-41 | DST Quotation for Scharmann Machining Center Alpha 1000 M. | Defendant | | X | |
| 91 A-42 | DST Operating Manual, Machining Centre, Alpha 1000 M. | Defendant | X | | |
| 92 A-43 | HCR Documentation, including Manufacturer Declaration. | Defendant | | | X |
| 93 A-44 | Burener Maschinenfabrik GmbH Operating and Servicing Instructions. | Defendant | | | X |
| 94 A-45 | HCR Documentation, including Manufacturer Declaration. | Defendant | | X | |
| 95 A-46 | HCR Certificate of Conformity. | Defendant | | | X |
| 96 A-47 | HCR Parts Checklist. | Defendant | | X | |
| 97 A-48 | HCR Design Drawings. | Defendant | | X | |
| 98 A-49 | HCR Design Drawings for metal walkway. | Defendant | | X | |
| 99 A-50 | EDAAS Specification for a 5-Axis CNC Dual Pallet Machining Center. | Defendant | | X | |
| 100 A-51 | Machine Assembly Protocol. | Defendant | | X | |
| 101 A-52 | Boeing Bid Specification. | Defendant | | X | |
| 102 A-53 | Boeing Specification for 5-Axis CNC Dual Pallet Machining Center. | Defendant | | X | |
| 103 A-54 | DST Invoice. | Defendant | X | | |
| 104 A-55 | DST Operation Manual. | Defendant | X | | |
| 105 A-56 | EDAAS Specifications for 5-Axis CNC Dual Pallet Machining Center. | Defendant | | X | |

Law Offices of Eugene N. Bolin, Jr., P.S.
144 Railroad Avenue, Suite 308
Edmonds, WA  98020
425-582-8165 / 425-582-2621
Toll Free / Fax: 888-527-2710

| No. | DESCRIPTION | Offering Party | Admissibility Stipulated | Authenticity Stipulated, Admissibility Disputed | Authenticity and Admissibility Disputed |
|---|---|---|---|---|---|
| 106 ~~A-57~~ | Maintenance and Inspection Manual. | Defendant | | X | |
| 107 ~~A-58~~ | DST Contracts with Boeing. | Defendant | X | | |
| 108 ~~A-59~~ | Select Portions of Mr. Williams' Medical Records. | Defendant | | X | |

## VIII.    ACTION BY THE COURT

a)   This case is scheduled for trial before a jury on April 24, 2017, at 9:00 a.m.

b)   Trial briefs shall be submitted to the court on or before April 3, 2017.

c)   Jury instructions requested by either party shall be submitted to the court on or before April 3, 2017. Suggested questions of either party to be asked of the jury by the court on voir dire shall be submitted to the court on or before April 3, 2017.

d)   This order has been approved by the parties as evidenced by the signatures of their counsel. This order shall control the subsequent course of the action unless modified by a subsequent order. This order shall not be amended except by order of the court pursuant to agreement of the parties or to prevent manifest injustice.

DATED this 7 day of April, 2017.

The Honorable Thomas S. Zilly

PRETRIAL ORDER- 24
No. 2:14-cv-00764-TSZ

Law Offices of Eugene N. Bolin, Jr., P.S.
144 Railroad Avenue, Suite 308
Edmonds, WA  98020
425-582-8165 / 425-582-2621
Toll Free / Fax: 888-527-2710

1    FORM APPROVED

2
     **LAW OFFICES OF EUGENE N. BOLIN, JR., P.S.**
3
     s/Eugene N. Bolin, Jr.
4    Eugene N. Bolin, Jr., WSBA #11450
     Attorney for Plaintiffs
5    144 Railroad Ave., Ste. 308
     Edmonds, WA  98020
6    425-582-8165

7

8    **BENNETT BIGELOW & LEEDOM, P.S.**

9    *s/William J. Leedom*
     William J. Leedom, WSBA #2013
10   Attorney for Defendant
     601 Union Street, Suite 1500
11   Seattle, WA 98101
     Telephone: (206) 622-5511
12   Fax: (206) 622-8986
     wleedom@bbllaw.com
13

14   **BENNETT BIGELOW & LEEDOM, P.S.**

15
     *s/David M. Norman*
16   David M. Norman, WSBA #40564
     Attorney for Defendant
17   601 Union Street, Suite 1500
     Seattle, WA 98101
18   Telephone: (206) 622-5511
     Fax: (206) 622-8986
19   dnorman@bbllaw.com

20

21

22

23

24

25
     **PRETRIAL ORDER- 25**
     No. 2:14-cv-00764-TSZ

                                              Law Offices of Eugene N. Bolin, Jr., P.S.
                                                 144 Railroad Avenue, Suite 308
                                                      Edmonds, WA  98020
                                                   425-582-8165 / 425-582-2621
                                                   Toll Free / Fax: 888-527-2710